UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| AYO JEROME HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CV-1619 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Ayo Jerome Hall, a *pro se* prisoner, filed a petition for writ of habeas corpus challenging a prison disciplinary proceeding. (DE 2.)  A hearing officer at Westville Correctional Facility found Hall guilty of attempted possession of a cell phone after Hall admitted at the hearing that he actually did possess a cell phone.  (DE 2, p. 8.)  Hall was docked 180 days of earned credit time, was placed in disciplinary segregation for 180 days and was a demoted from credit class 1 to credit class 2. (*Id*.)

The charges were initiated on February 12, 2014, when Correctional Officer J. Jostes prepared a Report of Conduct, which stated:

> On the above date and appox. time I Ofc. J. Jostes while searching the cell of Offender Hall, Ayo discovered a file folder containing a stack of papers.  An approx. 2" x 4" rectangle had been carved out of the papers creating a vacant space for the approx. size and dimensions needed to conceal a cellular device.

(DE 6-1.)

On February 18, 2014, Hall was notified of the charge and his rights when he was served with the conduct report and the notice of disciplinary hearing. (DE 6-3.) Hall pleaded not guilty and did not request a lay advocate, any witnesses or physical evidence. (*Id.*)

There is an oddity in this case. Except for the admission that Hall made at the hearing, the evidence against him was exceedingly weak. All the officer had on Hall was some hollowed out pieces of paper. Had Hall just remained silent, it strikes me that this would have been an inadequate amount of evidence to find him guilty. But alas, Hall didn't remain silent. Instead, he admitted possessing a cell phone. (DE 6-4.) Here's what he said:

> It's just hallowed out paper. I did have a cell phone back in July. I didn't even think about getting rid of it. I didn't pay no attention to it. I had no idea. I didn't attempt to possess a cell phone.

(DE 6-4.) So essentially, Hall's defense was that he didn't attempt to possess a cell phone (although he did in fact possess one).

The hearing officer, relying on the conduct report, Hall's statement, and a photograph of the hallowed out papers, found Hall guilty of attempting to possess a cell phone. (DE 6-4.) Hall's appeals were denied and this petition followed. (DE 6-5, 6-6, 6-7.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when

consistent with institutional safety and correctional goals; and (4) a written statement by

a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v.*

*McDonnell*, 418 U.S. 539, 563, 566 (1974). To satisfy due process, there must also be "some

evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*,

472 U.S. 445, 455 (1985).

Here, Hall raises two claims in his petition: (1) the hearing officer incorrectly

described his charged offense as "possession of a cellular telephone" when he was actually

charged with "attempted possession of a cellular telephone;" and, (2) there was no physical

evidence of a cellular telephone.

First, Hall complains that the hearing officer labeled his offense as "possession of

a cellular telephone" when he was actually charged with "attempting to possess a cellular

telephone."[1] It is unclear why this happened, but it is also irrelevant why it happened. It

is true that *Wolff* requires advance notice of sufficient facts to inform the accused of the

behavior with which he is charged. But it does not require such a notice to specify the

specific name or number of the rule violation, its severity, nor the case number assigned

to the matter. *Wolff*, 418 U.S. 539. Tellingly, in *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir.

2003), there was no due process violation where the Final Reviewing Authority changed

---

[1] It is true that the description of Hall's offense changes on the various forms. The Report of Conduct labels his offense as, "Attempting to possess or conceal a cellular device." (DE 6-1.) The Screening Report labels it as, "Possession of a cellular telephone or oth [*sic*]." (DE 6-3.) And, the Report of Disciplinary Hearing states, "Possession of a cellular telepho [*sic*]." (DE 6-4.) Despite the sloppy descriptions, the classification code of the charged offense was the same on each document, a Class A offense 121/111. Moreover, Hall does not argue that he was confused about the charged offense or that he received inadequate notice. Instead, he complains that the officers altered the title of his charged offense and are engaging in "word play." (DE 8, p. 3.)

the charge on appeal – long after the hearing. The Seventh Circuit reasoned that, "[b]ecause the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights." *Id.* Here, the change in the offense name made no substantive difference to the factual basis of the charge against him, therefore this ground presents no basis for habeas relief.

Next, Hall argues that he could not be found guilty because there was no evidence that a cellular telephone existed. But physical evidence of a phone is not necessary to prove that Hall attempted to possess one. All that the respondent must show is that there is some evidence in this case that Hall attempted to possess a cellular telephone. The "some evidence" test is not a demanding one. *Hill*, 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added). A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

In this case, there is sufficient evidence in the record to support the conclusion reached by the hearing officer. In the conduct report, Officer Jostes reported that he found

4

that Hall created a hiding place for a cell phone by hallowing out paper. At the

disciplinary hearing, Hall actually admitted that he was the one who hallowed out the

paper and also that he previously possessed a cell phone. A photograph of the hallowed

out paper was submitted to the hearing officer. The hallowed out area was the right size

and shape to hide a cellular telephone. Thus, while Hall could have hallowed out the space

to hide other items, it is a reasonable inference to conclude that Hall created that space to

hide a cellular telephone. This constitutes some evidence that Hall attempted to possess

a cell phone. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone

provided "some evidence" to support disciplinary determination). Accordingly, the "some

evidence" standard has been met here.

Not only is there sufficient evidence to find Hall guilty of the charged offense, but

there has been no showing that he was deprived any due process along the way. Based on

the record, there is sufficient evidence to find Hall guilty of attempted possession of a

cellular telephone and Hall has not made a showing that his due process rights have been

violated.

For the reasons set forth above, the petition (DE 2) is **DENIED**.

**SO ORDERED**.

ENTERED: March 9, 2015         s/Philip P. Simon
                                          Chief Judge, Philip P. Simon
                                          United States District Court